James Calvin **LEWIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–93–598–CR.

Court of Appeals of Texas, Austin.

Aug. 31, 1994.

Opinion Overruling Motions for Rehearing Dec. 7, 1994.

David A. Schulman, Austin, for appellant.

Bill M. Reimer, Dist. Atty., Dib Waldrip, Asst. Dist. Atty., New Braunfels, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of nine counts of indecency with a child, aggravated sexual assault of a child, and display of harmful material to a child. Tex.Penal Code Ann. §§ 21.11, 22.021, 43.24 (West 1989). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for ninety-nine years and a $10,000 fine.[1]

Appellant brings forward five points of error, none of which challenge the sufficiency of the evidence. The second point of error complains that the district court erred by granting the State's motion to amend the indictment and by overruling appellant's motion to quash the amendments to the indictment. We find this point dispositive, and will reverse the judgment of conviction.

1. **Procedural history.**

A summary of the unusual procedural history of this cause, which includes a previous appearance in this Court, is necessary to understand appellant's point of error and our disposition of it. In 1991, eleven indictments were filed accusing appellant of aggravated sexual assault of a child (Comal County cause numbers CR91–213, 214, 215, and 216), indecency with a child (Comal County cause numbers CR91–217, 218, 219, 220, 221, and 222), and display of harmful material to a child (Comal County cause number CR91–271). The same child was the alleged victim in each indictment. Over appellant's objection, the eleven indictments were consolidated for trial before the district court. At the conclusion of the evidence as to guilt, the State requested convictions in nine of the causes, excluding numbers CR91–219 and 222. The court announced, "The Court ... having heard the evidence in the complaints and indictments submitted to this particular Court finds that the subject James Lewis is guilty as charged."

The trial then continued on the question of punishment. At the conclusion of trial, the court announced, "Court finding that you were guilty of the complaints being made herein, and Court having composed the complaints into an aggravated sexual assault on said victim herein, the Court is going to assess your punishment at life imprisonment" and a $10,000 fine. The district court explained that it "rolled them all into one." The court's judgment reflected a conviction in cause number CR91–216 only.

On appeal from that judgment, we held that the overruling of appellant's objection to the consolidation of the indictments was error. *Lewis v. State*, No. 3–91–567–CR (Tex. App.—Austin April 28, 1993, no pet.) (not designated for publication). The judgment of conviction in cause number CR91–216 was reversed and the cause was remanded for a new trial.

Upon remand, the State moved to amend the indictment in cause number CR91–216 to add as separate counts each of the offenses that had been alleged in the indictments in cause numbers CR91–213, 214, 215, 217, 218, 219, 220, 221, 222, and 271.[2] Appellant ob-

1. The charge on punishment did not require the jury to separately assess punishment for each count. *See* Tex.Code Crim.Proc.Ann. art. 37.07, § 2(c) (West 1981); Tex.Penal Code Ann. § 3.03 (West 1974).

2. At the hearing on the motion to amend, the prosecutor stated that the joinder of all offenses in a single indictment was "for preservation of the county's time, money and expense so we don't have to go through multiple trials." It has been held, however, that a defendant possesses the right to demand a severance when more than one offense is alleged in a single indictment. *Coleman v. State*, 788 S.W.2d 369, 371 (Tex. Crim.App.1990); *Overton v. State*, 552 S.W.2d 849 (Tex.Crim.App.1977); *Nolte v. State*, 854 S.W.2d 304, 306–07 (Tex.App.—Austin 1993, pet. ref'd). Also, the Code of Criminal Procedure has been held to prohibit the amendment of an indictment over the defendant's objection for the

jected to the amendment on the ground that further prosecution of the offenses alleged in those indictments was barred by the constitutional guarantee against double jeopardy. U.S. Const. amend. V; Tex. Const. art. I, § 14. Appellant repeated this argument in his motion to quash the added counts. Appellant's objection and motion to quash were overruled, and the State's motion to amend the indictment was granted.[3] At the conclusion of the guilt-innocence stage of trial, the State, in the words of the jury charge, "elected to abandon" counts three and four, which correspond to the indictments abandoned by the State at the first trial. The jury convicted appellant on count one (the offense alleged in the original indictment), count two, and counts five through eleven.[4]

## 2. Discussion.

 The guarantee against double jeopardy protects against a second trial for the same offense after conviction or acquittal. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex.Crim.App. 1991). One of the principles suggested by the language of the double jeopardy clauses is that the government, with all its resources, must not be allowed to make repeated attempts to convict an individual for an offense. *Proctor v. State,* 841 S.W.2d 1, 3 (Tex.Crim. App.1992). When jeopardy attaches, a defendant possesses a valued right to have his guilt or innocence determined by that trier of fact. *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Crim.App.1981). The dismissal or abandonment of an accusation after jeopardy attaches is tantamount to an acquittal. *Black v. State,* 143 Tex.Crim. 318, 158 S.W.2d 795, 796 (App.1942); *Betts v. State,* 133

S.W.2d 251, 255 (Tex.Crim.App.1911). Thus, any criminal accusation that is dismissed, waived, or abandoned after the defendant is placed in jeopardy may not be retried. *Ex parte Preston,* 833 S.W.2d 515, 517 (Tex. Crim.App.1992); *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App.1978); *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex.Crim. App.1974).

In *Preston,* a three-count indictment accused the defendant of three different aggravated robberies. After the defendant was placed in jeopardy on the indictment, the State proceeded to try the defendant on the second count alone and he was convicted only for the offense alleged in that count. When the defendant was later reindicted for the other two robberies, he brought a pretrial habeas corpus action contending that further prosecution for those offenses would violate the guarantee against double jeopardy. The Court of Criminal Appeals agreed. The court held that to preserve one or more counts in a multicount indictment for a later trial, the State must affirmatively dismiss, waive, or abandon the count or counts with the trial court's permission before jeopardy attaches. *Id.* at 518.

In its opinion on the State's motion for rehearing, the court emphasized that it was the State's failure to abandon the counts before jeopardy attached that was determinative of the double jeopardy claim.

Finally, the State contends the first and third counts of the indictment were *never* abandoned.... In its motion for rehearing, the State argues: "It is clear from the record of this case that the State was *not* abandoning, either constructively or actu-

---

purpose of charging the defendant with an additional statutory offense. Tex.Code Crim.Proc. Ann. art. 28.10(c) (West 1989); *Flowers v. State,* 815 S.W.2d 724, 728 (Tex.Crim.App.1991).

**3.** The order granting the motion sets out the amended indictment, but the original indictment was not physically altered. For this reason, appellant contends in another point of error that the amendment was never accomplished. *See Ward v. State,* 829 S.W.2d 787, 793 (Tex.Crim. App.1992) (neither motion to amend nor order granting motion is the amendment; amendment is actual alteration of charging instrument). Be-

cause of our disposition of point of error two, we do not reach this contention. For the purpose of this opinion, we will assume that the indictment was amended as reflected in the district court's order.

**4.** The judge who presided at appellant's second trial and who signed the judgment now on appeal is not the judge who presided at appellant's first trial, nor is he the judge who heard the State's motion to amend the indictment and overruled appellant's objection and motion to quash.

ally, the other two counts." The State's argument is without merit.

If the counts were not preserved for future prosecution, prior to the time the jury was impaneled and sworn, appellant was necessarily placed in jeopardy for the offenses alleged in the first and third counts and may not be subsequently prosecuted for those offenses. *Ex Parte Scelles,* 511 S.W.2d 300, 301 (Tex.Crim.App.1974). *Ex parte Preston,* 833 S.W.2d at 522 (opinion on motion for rehearing). In other words, because the defendant was convicted only of the offense alleged in the second count, further prosecution of the offenses alleged in counts one and three was barred even if the State never expressly abandoned those allegations.

The Court of Criminal Appeals reaffirmed this understanding of the guarantee against double jeopardy in its opinion in *Proctor.* The court wrote:

> [W]e have repeatedly recognized that any criminal charge that is abandoned or dismissed on the prosecution's motion after jeopardy "attaches," i.e., after an individual is placed in jeopardy of life or liberty, may not be retried. *If a charge is still pending at the moment jeopardy attaches, a defendant is entitled to expect the State to proceed to trial on that charge or lose the opportunity forever.* On the other hand, if a charge is affirmatively abandoned or dismissed with the trial court's permission *before* jeopardy attaches, then the Government is free to press that charge at a later time.

*Proctor,* 841 S.W.2d at 3–4 (citations omitted) (first emphasis added).

■ Although *Preston* and *Proctor* involved trials on multicount indictments, the double jeopardy principles applied in those cases are equally applicable when separate indictments are consolidated for trial. At the moment a defendant is placed in jeopardy on the consolidated indictments, he is entitled to expect the State to proceed to trial on those indictments or lose the opportunity forever. If the State waives, abandons, or dismisses one of the consolidated indictments after the defendant is placed in jeopardy, retrial of that accusation is barred by the double jeop-

ardy clauses. To preserve one of the consolidated indictments for a later trial, the record must affirmatively reflect that the State abandoned its intention to consolidate that indictment with the others before the defendant was placed in jeopardy.

■ In a trial before the court, the defendant is placed in jeopardy when he enters his plea to the indictment. *State v. Torres,* 805 S.W.2d 418, 421 (Tex.Crim.App.1991). At appellant's first trial, he entered pleas of not guilty to all eleven indictments. Appellant was thereby placed in jeopardy on all eleven indictments. The State thereafter expressly abandoned the accusations in cause numbers CR91–219 and 222. Cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 were implicitly abandoned when the district court adjudged appellant guilty only in cause number CR91–216. Under these circumstances, the guarantee against double jeopardy barred further prosecution for the offenses alleged in cause numbers CR91–213, 214, 215, 217, 218, 219, 220, 221, 222, and 271. *Cf. Ex parte McAfee,* 761 S.W.2d 771 (Tex. Crim.App.1988) (reprosecution of abandoned count permissible when first trial ends with hung jury).

In arguing that retrial of all eleven offenses was not barred, the State relies on the well-settled principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction on any ground other than the legal insufficiency of the evidence poses no bar to reprosecution on the same charge. *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *Ex parte Fortune,* 797 S.W.2d 929, 932 (Tex. Crim.App.1990). According to this principle, the State may retry a defendant after a successful appeal because the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean. *North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969). "[U]pon reversal of a conviction on grounds other than sufficiency of the evidence, the State is free to retry the defendant on the charge and obtain a valid conviction against him in the interest of justice." *Ex parte Fortune,* 797 S.W.2d at 934.

Had appellant been convicted at his first trial on each of the eleven indictments, and had he successfully appealed each of those convictions, on a ground other than the legal sufficiency of the evidence, double jeopardy would not have barred reprosecution for each offense alleged in the eleven indictments. But after being placed in jeopardy at his first trial, appellant was convicted only in cause number CR91–216, and his previous appeal to this Court was from a judgment of conviction in that cause only. Because that appeal was successful, the State was entitled to reprosecute him for the offense originally alleged in cause number CR91–216. But our reversal of the judgment of conviction in cause number CR91–216 could not authorize appellant's reprosecution for the offenses alleged in the other indictments because those causes were not before us.

We also understand the State to argue that no error is presented because appellant was retried only in cause number CR91–216, the cause that he successfully appealed. This argument ignores the fact that the indictment was amended to add the jeopardy-barred allegations previously alleged in the other indictments. The double jeopardy clauses prohibit multiple prosecutions for the same offense. The guarantee against double jeopardy cannot be avoided merely by giving the jeopardy-barred offense a new cause number.

■ Finally, the State argues that if prosecution for the offenses alleged in counts two through eleven of the amended indictment was unlawful, the error was harmless because evidence of these offenses would have been admissible to prove appellant's motive, intent, or plan in a prosecution on the first count alone. Tex.R.Crim.Evid. 404(b). Presumably, the State would have this Court amend the judgment of conviction to delete all references to the offenses alleged in counts two through eleven, then affirm the remaining conviction on count one. We decline to do this. We will not assume that, had the district court granted appellant's motion to quash the amendments to the indict-

ment, evidence of the other offenses would have been offered and admitted.[5] Further, we will not issue an advisory opinion on the admissibility of the other offenses under Rule 404(b). *See also Warmowski v. State*, 853 S.W.2d 575, 581 (Tex.Crim.App.1993) (harmless error rule does not apply to erroneous denial of severance).

For the reasons stated, the district court erred by overruling appellant's objection to the amendment of the indictment. For the same reasons, the court also erred by overruling appellant's motion to quash counts two through eleven of the amended indictment. Point of error two is sustained. Because of our disposition of that point, consideration of the remaining points of error is not necessary.

The judgment of conviction is reversed and the cause is remanded to the district court for a new trial.

## ON REHEARING

■ In motions for rehearing filed on behalf of the State by the state prosecuting attorney (SPA) and the district attorney, it is contended that retrial of the offenses originally alleged in cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 did not violate the guarantee against double jeopardy because these causes were not waived or abandoned on the State's motion during appellant's first trial. We addressed this contention in our original opinion, where we noted that the same argument had been unsuccessfully advanced by the State in its motion for rehearing in *Ex parte Preston*. The holding in *Preston*, restated in *Proctor*, is that if jeopardy attaches to an offense, the State must proceed to trial on that offense or lose the opportunity forever. *Proctor v. State*, 841 S.W.2d 1, 3–4 (Tex.Crim.App. 1992); *Ex parte Preston*, 833 S.W.2d 515, 522 (Tex.Crim.App.1992) (opinion on motion for rehearing). The critical fact in this cause is that, at the conclusion of appellant's first trial, judgment was rendered on only one of the consolidated indictments. It is irrelevant that the failure to proceed to judgment on the other indictments was not the result of an express abandonment by the State.

---

5. When the State attempted to introduce evidence of other incidents involving appellant and the victim, the district court sustained appellant's

extraneous offense objection and instructed the State to limit its proof to the offenses alleged in the amended indictment.

■ The SPA also argues that retrial of the offenses alleged in cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 was not barred by jeopardy because the district court's failure to render judgment in these causes at the first trial was not the result of a determination that the evidence was legally insufficient to sustain a conviction. It has long been held, however, that the abandonment of an accusation during trial amounts to an acquittal that bars later trial for that offense. *Black v. State*, 143 Tex.Crim. 318, 158 S.W.2d 795 (1942); *Betts v. State*, 60 Tex.Crim. 631, 133 S.W. 251, 255 (1911). The SPA cites no authority supporting his argument that the abandonment of an accusation during trial bars retrial only if there is a determination by the trier of fact that the evidence is legally insufficient to support a conviction for the abandoned offense. The United States Supreme Court opinion on which the SPA relies is not on point. *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).[1]

■ The SPA's third argument is that retrial of the offenses alleged in cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 was not barred because jeopardy did not terminate as to cause number CR91–216, the offense for which appellant was convicted at the first trial.[2] This argument is based on the opinion in *Ex parte McAfee*, 761 S.W.2d 771 (Tex.Crim.App.1988). The indictment in *McAfee* contained two counts accusing the defendant of theft and unauthorized use of a vehicle. At the defendant's first trial, the State abandoned the theft count after jeopardy attached and the case was submitted to the jury on the unauthorized use count alone. The jury could not reach a verdict and a mistrial was declared. The second trial was a repeat of the first: the theft count was abandoned, and a mistrial was declared after the jury could not reach a verdict on the

unauthorized use count. At the defendant's third trial, the unauthorized use of a vehicle count was dismissed and the defendant pleaded guilty to the theft count. Later, in a post-conviction habeas corpus proceeding, the defendant urged that the abandonment of the theft count after jeopardy attached at the first trial was tantamount to an acquittal and that his subsequent trial and conviction for that offense constituted double jeopardy.

The Court of Criminal Appeals rejected this argument, reasoning that the jeopardy that attached at the first trial never terminated because both the first and second trials resulted in hung juries.

Both the Fifth Amendment and Article I, § 14, Bill of Rights, bar the Government and the State, respectively, from subjecting any person for the same offense to be *twice* put in jeopardy of life or limb. Thus, an accused must suffer jeopardy before he can suffer double jeopardy. The Double Jeopardy Clauses do *not* mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Absent a final judgment, he remains under the initial jeopardy. Therefore, a retrial for the same offense is not *double* jeopardy.

· · · · ·

Jeopardy is not terminated ... when there is not a verdict returned upon which a judgment may be rendered. The theory that it has been terminated is contrary to a concept of continuing jeopardy that has application where criminal proceedings against an accused have not run their full course.

*Ex parte McAfee*, 761 S.W.2d at 772–73 (quotation marks and citations omitted). As we noted in our original opinion, jeopardy did not terminate as to the offense alleged in

---

1. Briefly stated, the holding in *Scott* is that there is no double jeopardy bar to the retrial of a count that is dismissed on the defendant's motion after jeopardy attaches and without a determination of guilt or innocence as to that count. It is clear from the opinion that this holding applies only when the dismissal is granted on the defendant's motion. *Scott*, 437 U.S. at 96–101, 98 S.Ct. at 2196–99. In the cause before us, the district court's failure to proceed to judgment on the

remaining indictments was not in response to any motion or request by appellant.

2. Although the SPA does not complain of our holding that retrial of the offenses alleged in cause numbers CR91–219 and 222 was barred by jeopardy, this argument, if correct, would also apply to these offenses.

cause number CR91–216 because appellant successfully appealed his original conviction for that offense. The SPA contends that under *McAfee*'s reasoning, jeopardy did not terminate as to the offenses alleged in the other indictments because jeopardy did not terminate as to cause number CR91–216.

The case law dealing with the application of the guarantee against double jeopardy following a mistrial because of a hung jury has its own sources and logic. *Richardson v. United States,* 468 U.S. 317, 323, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242 (1984). The opinion in *McAfee* makes it clear that the result in that case turned on the fact that the defendant's first and second trials ended with hung juries. The court acknowledged in *McAfee* that as a general rule, jeopardy is terminated as to any count that is abandoned after jeopardy attaches. The general rule did not apply in that case, however, because

> this general rule is found and applied *only* in cases where the jury in the first trial *did* return a verdict on the count that was submitted, and upon that verdict the trial court entered a judgment of conviction. Although not necessarily articulated the reason for that rule is that when the State obtains a conviction for one offense out of two or more alleged in a single indictment, jeopardy has been terminated.

*Ex parte McAfee,* 761 S.W.2d at 773 (quotation marks omitted). As we stated in our original opinion, we believe the double jeopardy rules applicable to multicount indictments also apply when separate indictments are consolidated for trial.[3]

Appellant's first trial was to the district court and, therefore, no jury verdict was returned. But that trial did end with a judgment of conviction only in cause number CR91–216. Thus, under the general rule applied in cases such as *Preston* and recognized in *McAfee,* jeopardy terminated as to the other indictments and retrial of those offenses was barred.

The district attorney brings forward the additional argument that because the State did not move to dismiss or abandon cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 during the first trial, the only explanation for the district court's failure to render judgment in these causes must be that the court unlawfully dismissed the prosecutions. *See State v. Gray,* 801 S.W.2d 10 (Tex.App.—Austin 1990, no pet.) (absent specific authority, trial court cannot dismiss prosecution except on motion of prosecuting attorney). But just as there is nothing in the record to suggest that the State deliberately sought to dismiss or abandon these causes, there is nothing to support the conclusion that the district court dismissed them on its own motion.

At appellant's first trial, he was placed in jeopardy on eleven consolidated indictments. During trial, the State expressly abandoned two of these causes (numbers 91–219 and 222). At the conclusion of trial, judgment was rendered in only one of the remaining causes (number CR91–216). The other eight causes (numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271) were simply disregarded, perhaps to avoid the inconvenience of preparing nine judgments. The court's failure to render judgment was not the result of any motion or request by appellant and did not provoke any objection by the State.[4] In our original opinion, we described the disposition (or non-disposition) of cause numbers CR91–213, 214, 215, 217, 218, 220, 221, and 271 as an implicit abandonment by the State. This is an approximate description that is not crucial to our decision. The dispositive fact is that the district court failed to render judgment in these causes. This failure, however characterized, carried double jeopardy consequences that the State cannot now avoid.

We have considered the other arguments advanced by the SPA and district attorney in their motions for rehearing and find them, like those discussed in this opinion, to be

---

3. Neither motion for rehearing challenges this conclusion.

4. In his response to the motions for rehearing, appellant suggests that the State could have complained of the district court's failure to render

judgment in each cause by means of a cross-point in appellant's original appeal. Tex.Code Crim.Proc.Ann. art. 44.01(c) (West Supp.1994). We express no opinion on this question.

unpersuasive. The motions for rehearing are overruled.