Lewis v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00680-CR







James Calvin Lewis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR91-216, HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING







 This case presents an interesting question regarding the issue of double jeopardy. Twice
before we have reversed the conviction of appellant, James Calvin Lewis, and remanded the cause for
retrial. On this appellant's third appeal, we will affirm the trial court's judgment of conviction.



PROCEDURAL BACKGROUND


 On June 12, 1991, appellant was indicted for eleven separate sexual offenses with the same
child. Of these alleged offenses, four were alleged to have occurred in June 1990, (1) one in September
1990, (2) and six in December 1990. (3) At the original trial of this case, the trial court, over appellant's
objection, granted the State's oral motion to consolidate the indictments. The State asked for convictions
in nine of the causes, and the trial court found appellant "guilty as charged." The court's judgment, however,
reflected a single conviction on one indictment only, that being cause number CR91-216. On appeal, we
held that the consolidation was improper, reversed the judgment of the trial court, and remanded the cause
for a new trial. Lewis v. State, No. 3-91-567-CR (Tex. App.--Austin Apr. 28, 1993, no pet.) (not
designated for publication).

 On the second trial, the trial court allowed the State to amend the indictment in cause
number CR91-216 to include the previously improperly consolidated offenses alleged in the indictments
in cause numbers CR91-213, 214, 215, 217, 218, 219, 220, 221, 222, and 271. Appellant objected to
this amendment on double jeopardy grounds. The jury found the defendant guilty of nine of the eleven
counts alleged in the amended indictment. On appeal, we held that jeopardy attached to all eleven
indictments at the first trial. Lewis v. State, 889 S.W.2d 403 (Tex. App.--Austin 1994, pet. ref'd). Thus,
when the first trial court adjudged appellant guilty only in cause number CR91-216, the State implicitly
abandoned its remaining ten causes. We held that this abandonment was tantamount to an acquittal, and
therefore, the constitutional guarantee against double jeopardy barred further prosecution for these offenses. 
Id. at 407-08. Accordingly, we reversed the second conviction because the amended indictment contained
counts that were jeopardy barred. Id. at 407. However, jeopardy did not bar the reprosecution of cause
number CR91-216 because at appellant's behest we reversed that conviction. See Durbrough v. State,
620 S.W.2d 134, 138 (Tex. Crim. App. 1981) (a defendant may be retried for an offense when a prior
conviction for the same offense has been set aside on appeal). Accordingly, we held appellant could be
prosecuted for the offense alleged in the original (unamended) indictment in cause CR91-216 and
remanded the cause to the trial court for a third trial. Lewis, 889 S.W.2d at 407-08.



THE CONTROVERSY


 On his third trial, appellant was tried for aggravated sexual assault of a child under the
original indictment in cause CR91-216. That indictment alleged that on or about December 22, 1990,
appellant knowingly penetrated the victim's sexual organ with his finger (digital penetration). The indictment
alleged that the victim was a child under the age of fourteen.

 During the guilt/innocence phase of the trial, the trial court carefully restricted the victim's
testimony to appellant's conduct in December of 1990. On direct examination the victim testified that in
December appellant took her to his house, forced her to undress and watch pornographic movies, touched
her chest and genitals with a vibrator, and put his finger in her vagina. The key issue that distinguished the
indictable offense of "aggravated sexual assault" from those of "indecency with a child" and "display of
harmful material to a child" was the element of digital penetration. Compare Tex. Penal Code Ann. §
22.021 with §§ 21.11 & 43.24 (West 1994 & Supp. 1997).

 At appellant's third trial, before the victim was permitted to testify to the jury, appellant's
counsel took the victim on voir dire examination and questioned her ability to independently recall
appellant's sexual abuse. The victim admitted that she had refreshed her memory from written documents
but stated that she had an independent recollection of the events of December 1990. On cross
examination, appellant's counsel attempted to impeach the victim with her testimony from the second trial
in which she testified that no digital penetration occurred in December. Appellant's counsel had the victim
read her prior testimony to the jury; however, counsel was unsuccessful in getting appellant to retract her
testimony that appellant had penetrated her vagina with his finger. Further, on redirect examination, the
victim reaffirmed her testimony of digital penetration.

 The jury found appellant guilty of aggravated sexual assault of a child, and the punishment
phase of the trial began. The victim testified at punishment also. However, during the punishment phase,
she was permitted to testify about each time appellant had sexually abused her. She testified that, in
addition to the aggravated sexual assault in December of 1990, appellant molested her in June and
September of 1990. 

 According to the victim's testimony, in June of 1990 appellant and the victim were in a pool
together when appellant "stuck [her] head under water and told [her] to suck his private." Later in June
of 1990, appellant forced the victim to undress and "felt [her] with a vibrator and his hands." In September
of 1990, appellant forced the victim to undress, tied her to a bed, taped her eyes open, and showed her
pornographic movies. It is significant that appellant was not charged in September with any type of
penetration, digital or otherwise. The only offense charged in September was the display of harmful
material to a child.

 At punishment, appellant's counsel again challenged the victim's testimony and the following
examination took place:



 Q. All right. Now, this incident you describe in September at [appellant's] house,
the one you just -- the one you just related where he tied you up on the bed, --


 A. Yes, sir.


 Q. -- was that in September?


 A. I don't remember.


 Q. Isn't it true that you don't remember when some of these incidents were?


 A. It's been so long.


 Q. Okay. Well I mean, when you tell us that -- you've told us about three
different incidents.


 A. Yes, sir.


 Q. Okay. Are you getting these incidents confused about which one was first and
which one was second?


 A. I know the one in the pool happened first because that's when it all began.


 Q. Okay. So, you have told us in different trials about one incident where all he
did was feel you with a vibrator?


 A. Yes, sir.


 Q. And then you told us another time where he put his finger in you on the bed
and made you watch pornographic movies?


 A. Yes, sir.


 Q. Are you possibly getting these two confused?


 A. I don't know.


 Q. I mean, are you -- are you sure that the one that you just talked about where
he made you watch the movies and everything, couldn't that have been [in September]? 
And the time when he just felt your breasts, couldn't that have been [in December]?


 A. Yes, sir.


 Q. So, you're not really sure which is which, are you?


 A. No, sir.


 Q. Okay.


 A. I just know what all happened.


 Q. Okay, so in your mind, it's entirely possible that the time that he sat -- that he
took you in the bedroom and made you take off your clothes could have been [in
September]; and the time when he sat on the couch with you and put the vibrator on your
breasts, that could have been [in December]?


 A. Yes, sir.



 On the basis of this punishment-phase testimony, appellant's counsel moved for a mistrial,
claiming that the victim's testimony indicated that she could be confusing the events of September with those
in December. Counsel argued that, if the digital penetration occurred in September, it was part of the
conduct alleged in a prior indictment, specifically CR91-271, which was jeopardy barred.

 The trial court overruled appellant's motion and allowed the jury to assess his punishment. 
The jury asssessed punishment at ninety-nine years' confinement and fined appellant $10,000. Appellant
then made a motion for new trial that was overruled. Appellant now appeals to this Court.



DISCUSSION


 In his sole point of error, appellant contends that the trial court erred in overruling his
motions for mistrial and new trial. Appellant argues the victim's punishment-phase testimony indicates that
digital penetration, the conduct for which appellant was convicted, could have occurred in September
rather than December. According to appellant, had this testimony been introduced during the
guilt/innocence phase of the trial, the State could not have proved the offense was not jeopardy barred.

 The United States and Texas Constitutions protect appellant from a second prosecution
for the same offense after an acquittal. See U.S. Const. amend. V; Tex. Const. art. I, § 14; United States
v. Halper, 490 U.S. 435, 440 (1989); Phillips v. State, 787 S.W.2d 391, 393, n.3 (Tex. Crim. App.
1990). The State, however, is not required to prove that the offense for which appellant was convicted
was not jeopardy barred. Instead, appellant has the burden to prove a double jeopardy violation. See
Wockenfuss v. State, 521 S.W.2d 630, 631 (Tex. Crim. App. 1975); Gongora v. State, 916 S.W.2d
570, 576 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Ex parte Tomlinson, 886 S.W.2d 544, 547
(Tex. App.--Austin 1994, no pet.). The State contends that appellant has not met his burden. We agree.

 An indictment need only allege facts sufficient to bar a subsequent prosecution for the same
offense and give the defendant notice of the offense with which he is charged. Moss v. State, 850 S.W.2d
788, 793 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). The indictment in CR91-216 gave appellant
notice of the conduct for which he was being accused--knowingly penetrating the victim's sexual organ
with his finger. 

 Appellant asserts that the victim's punishment-phase testimony indicates she could not
remember when the digital penetration occurred nor could she recall the sequence of the conduct for which
appellant was originally indicted. Appellant views the punishment-phase testimony as a recantation of the
victim's guilt/innocence-phase testimony and argues that it establishes she has no independent recollection
of appellant's abuse. We disagree with appellant's interpretation of the victim's punishment-phase
testimony. The victim never stated that she could not remember what appellant did to her. To the
contrary, she stated "I just know what all happened." This testimony does not indicate that the victim had
no independent recollection of appellant's molestation. Appellant challenged the victim's recollection three
times during the trial--on voir dire, during the guilt/innocence phase, and during the punishment phase. 
Each time the victim established that she independently recalled appellant's sexual abuse. At most, the
punishment-phase testimony indicates that the victim might have been confused about when appellant
committed the offense for which he was found guilty. She testified that the digital penetration might have
occurred in September instead of December. 

 The crux of appellant's argument is that, if the digital penetration occurred in September
1990, double jeopardy bars this conviction. The constitutional guarantee against double jeopardy,
however, applies only when "the second prosecution is for the same offense as that for which the person
has already been in legal jeopardy." Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). As
noted above, jeopardy never attached to the conduct (digital penetration) that appellant was accused of
in the indictment in cause number CR91-216. Although that indictment alleges appellant committed the
offense of aggravated sexual assault of a child on or about December 22, 1990, "[t]he State is not bound
by the date on or about which the offense is alleged to have been committed and a conviction may be had
upon proof that the offense was committed at any time prior to the return of the indictment which is within
the period of limitation." Hill v. State, 544 S.W.2d 411, 413 (Tex. Crim. App. 1977). Accordingly,
jeopardy did not attach to all of appellant's conduct occurring in September 1990. Rather, it attached only
to the offense that appellant was charged with committing in September 1990--display of harmful material
to a child (cause number CR91-271). Therefore, even if we were to assume that the victim's punishment-phase testimony establishes that the digital penetration occurred in September 1990, it does not establish
that the offense for which appellant was convicted is jeopardy barred. We overrule appellant's point of
error.



CONCLUSION


 Having overruled appellant's sole point of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: December 12, 1996

Do Not Publish

1.   These indictments accused appellant of the following offenses:


Cause Number Offense

CR91-213 Aggravated Sexual Assault of a Child

CR91-214 Aggravated Sexual Assault of a Child

CR91-217 Indecency with a Child

CR91-218 Indecency with a Child.
2.   This indictment accused appellant, in cause number CR91-271, of displaying harmful
material to a child.
3.   These indictments accused appellant of the following offenses:


Cause Number Offense

CR91-215 Aggravated Sexual Assault of a Child

CR91-216 Aggravated Sexual Assault of a Child

CR91-219 Indecency with a Child

CR91-220 Indecency with a Child

CR91-221 Indecency with a Child

CR91-222 Indecency with a Child.


ated "I just know what all happened." This testimony does not indicate that the victim had
no independent recollection of appellant's molestation. Appellant challenged the victim's recollection three
times during the trial--on voir dire, during the guilt/innocence phase, and during the punishment phase. 
Each time the victim established that she independently recalled appellant's sexual abuse. At most, the
punishment-phase testimony indicates that the victim might have been confused about when appellant
committed the offense for which he was found guilty. She testified that the digital penetration might have
occurred in September instead of December. 

 The crux of appellant's argument is that, if the digital penetration occurred in September
1990, double jeopardy bars this conviction. The constitutional guarantee against double jeopardy,
however, applies only when "the second prosecution is for the same offense as that for which the person
has already been in legal jeopardy." Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). As
noted above, jeopardy never attached to the conduct (digital penetration) that appellant was accused of
in the indictment in cause number CR91-216. Although that indictment alleges appellant committed the
offense of aggravated sexual assault of a child on or about December 22, 1990, "[t]he State is not bound
by the date on or about which the offense is alleged to have been committed and a conviction may be had
upon proof that the offense was committed at any time prior to the return of the indictment which is within
the period of limitation." Hill v. State, 544 S.W.2d 411, 413 (Tex. Crim. App. 1977). Accordingly,
jeopardy did not attach to all of appellant's conduct occurring in September 1990. Rather, it attached only
to the offense that appellant was charged with committing in September 1990--display of harmful material
to a child (cause number CR91-271). Therefore, even if we were to assume that the victim's punishment-phase testimony establishes that the digital penetration occurred in September 1990, it does not establish
that the offense for which appellant was convicted is jeopardy barred. We overrule appellant's point of
error.



CONCLUSION


 Having overruled appellant's sole point of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: December 12, 1996

Do Not Publish

1.   These indictments accused appellant of the following offenses:


Cause Number Offense

CR91-213 Aggravated Sexual Assault of a Child

CR91-214 Aggravated Sexual Assault of a Child

CR91-217 Indecency with a Child

CR91-218 Indecency with a Child.
2.   This indictmen