**Opinion issued February 26, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00533-CR

———————————

**JOSEPH JOHN FLORES, II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1173815**

---

## MEMORANDUM OPINION

Appellant, Joseph John Flores, II, pleaded guilty to the offense of possession

with intent to deliver at least 400 grams of a mixture containing

dihydrocodeinone,[1] and the trial court assessed his punishment at confinement for twenty years.[2]  In two issues, appellant contends that the trial court erred in not admonishing him on the consequences of pleading guilty and his conviction violates the Double Jeopardy Clauses of the United States and Texas Constitutions.[3]

We affirm.

## Background

On April 25, 2007, a Harris County grand jury, in trial court cause number 1114132, issued a true bill of indictment, accusing appellant of committing the offense of possession with intent to deliver at least 400 grams of hydrocodone.  It also issued a true bill of indictment in trial court cause number 1114131, accusing appellant of committing the offense of possession of cocaine.  Subsequently, on July 7, 2008, a Harris County grand jury, in trial court cause number 1173815, issued a true bill of indictment, accusing appellant of committing the offense of possession with intent to deliver at least 400 grams of "a material compound,

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.104(a)(4), 481.117(a),(e) (Vernon 2010).

[2]     A jury also found appellant guilty of two separate offenses of aggravated assault of a public servant and one offense of possession of cocaine.  He challenges these convictions in separate appeals in appellate cause numbers 01-10-00531-CR, 01-10-00532-CR, and 01-10-00534-CR

[3]     *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.

2

mixture and preparation containing not more than 15 milligrams of dihydrocodeinone (hydrocodone) per dosage unit."[4]

After the trial court impaneled a jury on August 19, 2008, appellant pleaded guilty in trial court cause number 1173815 and not guilty to having committed two separate offenses of aggravated assault of a public servant in trial court cause numbers 1114129 and 1114130. After a trial on the merits, the jury, on August 27, 2008, found appellant guilty of the two offenses of aggravated assault of a public servant. Also, pursuant to his guilty plea and the trial court's instructions, the jury found appellant, in trial court cause number 1173815, guilty of the offense of possession with intent to deliver a mixture containing not more than 15 milligrams of dihydrocodeinone per dosage unit. The State then dismissed cause number 1114132. In its charge to the jury, the trial court referred to appellant's guilty plea as follows,

> [T]he Court, as required by law, has admonished him of the consequences. It plainly appearing to the Court that the Defendant is mentally competent, and that he makes this plea freely and voluntarily, said plea is received by the Court.

---

[4] Any "material, compound, mixture, or preparation containing limited quantities" of "not more than 300 milligrams of dihydrocodeinone (hydrocodone), or any of its salts, per 100 milliliters or not more than 15 milligrams per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts" is classified as a Penalty Group 3 narcotic. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.104(a)(4). Any "[h]ydrocodone not listed in Penalty Group 3" is classified as a Penalty Group 1 narcotic. *See id.* § 481.102(3) (Vernon 2010).

3

On October 23, 2008, the trial court granted appellant's motion for a new trial in cause numbers 1173815, 1114129, and 1114130.

On March 25, 2010, appellant filed his "Motion to Set Aside the Indictment Based on Double Jeopardy" in trial court cause number 1173815. At the hearing on appellant's motion, the State explained that it had intended to dismiss trial court cause number 1114132 before the first trial and obtain a conviction in trial court cause number 1173815. However, it mistakenly dismissed trial court cause number 1114131, the possession-of-cocaine case. Because the State did not realize its mistake until after jury had been impaneled, it did not dismiss trial court cause number 1114132 until after the trial. The trial court denied appellant's motion, and appellant again pleaded guilty in trial court cause number 1173815 to the offense of possession with intent to deliver a mixture containing dihydrocodeinone.

The trial court impaneled a second jury and proceeded to trial on the two offenses of aggravated assault of a public servant, the offense of possession with intent to deliver dihydrocodeinone, and the added offense of possession of cocaine.[5] At trial, Houston Police Department ("HPD") Officer F. Rodriguez testified that a confidential informant had told him that appellant sold narcotics from his apartment. Rodriguez then sent the informant to the apartment to make a

---

[5] The background facts established in trial are discussed in more detail in our opinion in *Flores v. State*, No. 01-10-00531-CR, slip op. at 3–13 (Tex. App.—Houston [1st Dist.] Feb. 26, 2013, no pet. h.).

"buy," and the informant returned with "codeine [obtained] from within the residence." During surveillance, HPD officers noticed "sporadic traffic" in and out of appellant's apartment. The officers then obtained a warrant to search appellant's apartment. Officer Rodriguez and HPD Officer F. Scoggins testified that upon entering the apartment, appellant pointed a shotgun at them and "cycled" it. The officers shot appellant twice and proceeded to search the apartment. During the search, the officers recovered over 1,000 grams of "pure" hydrocodone, "individually packaged pills" of hydrocodone, and several other types of narcotics. HPD Crime Lab chemist James Miller testified that the individually packaged pills contained dihydrocodeinone, which he described as the "full chemical name" for "generic hydrocodone." In total, he noted that the officers seized 1.1 kilograms of hydrocodone from appellant's apartment. And Rodriguez opined that the amount of dihydrocodeinone and its packaging were consistent with an intent to deliver it. Also, appellant's girlfriend, Jessica Davies, testified that she knew that appellant "possesse[d] some drugs," including hydrocodone.

The jury found appellant guilty of both offenses of aggravated assault of a public servant and the offense of possession of cocaine. Also, pursuant to his guilty plea and the trial court's instructions, the jury found appellant guilty of the offense of possession with intent to deliver a mixture containing dihydrocodeinone. The trial court sentenced him to confinement for thirty years for both offenses of

aggravated assault of a public servant, fifteen years for the offense of possession of cocaine, and twenty years for the offense of possession with intent to deliver a mixture containing dihydrocodeinone.

### Double Jeopardy

In his second issue, appellant argues that his conviction of the offense of possession with intent to deliver a mixture containing dihydrocodeinone must be vacated because it violates the Double Jeopardy Clauses of the United States and Texas Constitutions. *See* U.S. CONST. Amend. V; TEX. CONST. art. I, § 14. Appellant asserts that the indictment in the instant case, trial court cause number 1173815, "alleges the same conduct as the indictment" in trial court cause number 1114132, "the indictment that the State dismissed." He further argues that the instant case is "barred by double jeopardy because the State dismissed an indictment after jeopardy had attached that alleged the same conduct alleged in" the instant case.

The Double Jeopardy Clause of the United States Constitution provides "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause of the Texas Constitution provides "no person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same

offense, after a verdict of not guilty in a court of competent jurisdiction." [6] TEX. CONST. art. I, § 14. "There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). All three types of double jeopardy claims arise only when duplicative prosecutions or punishments involve the same offense. *See id.* The dismissal or abandonment of a criminal charge after jeopardy attaches has the same constitutional significance as an acquittal. *Lewis v. State*, 889 S.W.2d 403, 406 (Tex. App.—Austin 1994, pet. ref'd) (citing *Black v. State*, 143 Tex. Crim. 318, 158 S.W.2d 795, 796 (1942)). Thus, any criminal accusation that is dismissed, waived, or abandoned after the defendant is placed in jeopardy may not be retried. *Ex Parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992).

Although similar, the indictment that the State dismissed in trial court cause number 1114132, for possession with intent to deliver, alleged a separate offense from that alleged in the instant case, trial court cause number 1173815, the indictment it pursued to verdict for possession with intent to deliver a "mixture and

---

[6] The Texas Constitution has been construed to give no greater protection than the United States Constitution in regard to double jeopardy. *Johnson v. State*, 920 S.W.2d 692, 693 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citing *Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990)). Thus, a bifurcated analysis is not necessary. *Id.*

preparation containing not more than 15 milligrams of dihydrocodeinone (hydrocodone) per dosage unit." In the instant case, the State had to prove different elements, namely, the possession with intent to deliver a lesser potency of hydrocodone.

Appellant cites *Preston* and *Lewis* for the proposition that the dismissal of an indictment after jeopardy attaches is tantamount to acquittal, such that prohibition of double jeopardy bars the State from retrying the offense. However, both cases are substantively distinguishable from the case before us.

In *Preston*, the defendant was accused in a single indictment of three separate offenses of aggravated robbery. 833 S.W.2d at 516. After a jury was impaneled, the State proceeded to trial on only one of the offenses, and the jury found the defendant guilty. *Id.* A grand jury later re-indicted the defendant for the two other offenses that had been alleged in the first indictment. *Id.* The Texas Court of Criminal Appeals held that, even though the State did not proceed to trial on the other two offenses, the prohibition of double jeopardy "does not permit a constructive abandonment of a portion of the charging instrument." *Id.* at 518.

In *Lewis*, the defendant stood accused, by way of eleven indictments which were consolidated before trial, for eleven separate offenses of aggravated assault of a child. 889 S.W.2d at 405. After presenting its evidence, the State requested convictions for nine of the offenses, and the defendant was sentenced to life in

prison.  *Id.*  The trial court's judgment reflected a conviction in only one cause number, and it explained that it had "rolled them all into one."  *Id.*  The defendant appealed, won, and received a new trial.  *Id.*  The State then moved to amend the indictment in the cause number in which the defendant had been convicted to add as separate counts the original eleven offenses that had been previously tried.  *Id.* The Third Court of Appeals held that because the State had obtained a conviction in only one cause number, the prohibition against double jeopardy barred re-prosecution of the other ten.  *Id.* at 408.  The court explained that its "reversal of the judgment in cause number CR91-216 could not authorize [the defendant's] reprosecution for the offenses alleged in the other indictments because those causes were not before us."  *Id.*

Here, the State proceeded in the second trial on the indictment in trial court cause number 1173815, the case in which appellant had pleaded guilty in the first trial.  And, as explained above, the indictment in trial court cause number 1114132, the case dismissed by the State, alleged a different offense.  It did not attempt to obtain a conviction on a count or offense it had previously abandoned.  *Preston* and *Lewis* are, thus, inapplicable.  *See Preston*, 833 S.W.2d at 518 (holding that "in order to preserve *a portion of a charging instrument* for a subsequent trial," State must abandon it before jeopardy attaches) (emphasis added); *Lewis*, 889 S.W.2d at 407 ("If a charge is still pending at the moment jeopardy attaches, a defendant is

9

entitled to expect the State to proceed to trial *on that charge* or lose the opportunity forever.") (citing *Proctor v. State*, 841 S.W.2d 1, 3–4 (Tex. Crim. App. 1992)) (emphasis added).

When "a trial proceeds to verdict and the conviction is set aside, a subsequent trial is not automatically jeopardy-barred." *Ex parte Legrand*, 291 S.W.3d 31, 37 (Tex. App.—Houston [14th Dist.] 2009, pet. struck) (citing *Ex parte Mitchell*, 977 S.W.2d 575, 579 (Tex. Crim. App. 1997)). Although the prohibition against double jeopardy precludes a new trial if a conviction is reversed for legal insufficiency of the evidence, it does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings leading to conviction. *Legrand*, 291 S.W.3d at 37; *Mitchell*, 977 S.W.2d at 579. When a new trial is granted after conviction, the accused is not being denied the right to have the case against him decided by the first tribunal. *See Ex parte Davis*, 957 S.W.2d 9, 11 (Tex. Crim. App. 1997).

Here, after the first trial, the trial court set aside appellant's conviction for possession with intent to deliver a mixture containing dihydrocodeinone on the ground that he received ineffective assistance of counsel, not because the evidence was legally insufficient. Thus, the prohibition against double jeopardy did not bar the State from seeking a retrial on the same indictment that it had already pursued to conviction, even though the prior conviction was set aside. *See Ex parte Queen*,

10

833 S.W.2d 207, 208 (Tex. App.—Houston [1st Dist.] 1994), *aff'd*, 877 S.W.2d 752 (Tex. Crim. App. 1994) ("When a motion for new trial was granted at the defendant's request, and the basis was other than [legally] insufficient evidence, double jeopardy considerations do not bar a new trial.") (citing *Lofton v. State*, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989)).  Accordingly, we hold that appellant's conviction in the instant case for possession with intent to deliver a mixture containing dihydrocodeinone does not violate the Double Jeopardy Clauses of the United States and Texas Constitutions.

We overrule appellant's second issue.

**Admonishments**

In his first issue, appellant argues that his conviction of the offense of possession with intent to deliver a mixture containing dihydrocodeinone "is invalid" because the trial court failed to admonish him on the consequences of pleading guilty.

Prior to accepting a plea of guilty, a trial court must admonish the defendant on the range of punishment attached to the offense; the consequences of an agreed punishment recommendation; the possible deportation or exclusion from admission to the United States if the defendant is not a citizen; and the registration requirements of Chapter 62 of the Texas Code of Criminal Procedure, if the offense so requires.  TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.

11

2012). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c).

The State concedes that the trial court did not admonish appellant pursuant to article 26.13 when he pleaded guilty at his second trial for possession with intent to deliver a mixture containing dihydrocodeinone. "When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of Article 26.13 comes within the standard of Rule of Appellate Procedure 44.2(b)." *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). Thus, any "error, defect, irregularity, or variance" in the admonition "that does not affect substantial rights must be disregarded." *Id.* (citing TEX. R. APP. P. 44.2(b)).

In applying rule 44.2(b) to the failure of the trial court to admonish a defendant, an appellate court considers the record as a whole to determine whether, in the particular case, the error affected the defendant's substantial rights. *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007). The court should consider: (1) the strength of the evidence of guilt; (2) whether the record indicates that the defendant was aware of the requirement; and (3) whether the omitted admonition

12

actually applied to the defendant's situation. *Id.* (citing *Anderson*, 182 S.W.3d at 919–21).

At trial, the State presented substantial evidence of appellant's guilt. Officer Rodriguez testified that a confidential informant had told him that appellant sold narcotics from his apartment. And Rodriguez witnessed the informant make a "buy" at the apartment and "sporadic traffic" in and out of appellant's apartment. Upon execution of the search warrant, HPD officers recovered over 1.1 kilograms of hydrocodone from appellant's apartment. Also, HPD chemist Miller testified that the individually packaged pills found in the apartment contained dihydrocodeinone, which he described as the "full chemical name" for "generic hydrocodone." Rodriguez opined that the amount of hydrocodone and its packaging were consistent with an intent to deliver it. And, most importantly, appellant admitted at trial to having possessed hydrocodone with the intent to deliver.

We note that because appellant's guilty plea did not include an agreed punishment recommendation, he is a United States citizen, and he was not convicted of an offense requiring registration pursuant to Chapter 62, the only provision of article 26.13 with which the trial court failed to comply was the requirement to admonish appellant on the range of punishment for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a).

The record contains evidence that appellant was actually aware of the applicable range of punishment for the offense. In the first trial, the trial court instructed that,

> [T]he Court, as required by law, has admonished him of the consequences. It plainly appearing to the Court that the Defendant is mentally competent, and that he makes this plea freely and voluntarily, said plea is received by the Court.

Appellant did not object to the instruction. Thus, the record indicates that appellant was informed of the applicable punishment range when he pleaded guilty at the first trial. He was also present during the punishment phase of the first trial, in which the jury was informed in open court of the applicable punishment range. And we note that appellant does not argue that his plea was involuntary due to a lack of knowledge regarding the sentencing range for the offense.

Because the State presented substantial evidence of appellant's guilt and there is evidence in the record demonstrating that he was aware of the range of punishment for the offense to which he pleaded guilty, appellant has not demonstrated that he was actually unaware of the consequences of his plea or that he was harmed. We cannot conclude that appellant was harmed by the trial court's failure to admonish him on the applicable punishment range at the second trial. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003) (holding omission of applicable punishment range in admonitions harmless where the record contained "references to the correct punishment range" and there was

14

nothing in the record that showed that defendant "was unaware of the consequences of his plea or that he was misled or harmed"); *see also Anderson*, 182 S.W.3d at 920 (stating that because probation officer had testified at punishment phase of trial to sex-offender registration requirement, there was some evidence from which to infer defendant had knowledge of requirement). Accordingly, we hold that the trial court's error in not admonishing appellant prior to his plea of guilty in his second trial about the applicable range of punishment was harmless.

We overrule appellant's first issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

15