**Edward DUKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–97–00869–CR to 04–97–00871–CR.**

Court of Appeals of Texas, San Antonio.

Aug. 11, 1999.

Marina Thais Douenat, San Antonio, for appellant.

Kevin P. Yeary, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Appellant, Edward Duke, appeals the trial court's revocation of probation. He asserts five issues on appeal in which he contends the trial court erred in (1) denying his special plea of double jeopardy; (2) denying him due process and due course of law in revoking his probation; (3) violating article 34.6 of the Texas Code of Criminal Procedure in denying him a new trial; (4) abusing its discretion in revoking his probation on an alleged conviction; and (5) abusing its discretion in revoking his probation based upon his failure to report while incarcerated. Because we find appellant's issues are without merit, we affirm.

## Statement of Facts and Procedural Background

Appellant was indicted three times for burglary of a vehicle in Bexar County in 1992. In October of that year, pursuant to a plea bargain, appellant pled guilty to two separate charges and was sentenced to 10 years deferred adjudication pursuant to two separate causes, 02–CR–318 and 92–CR–319. In January 1996, the State filed a second motion to enter adjudication of guilt and revoke probation in cause numbers 92–CR–318 and 92–CR–319. In March 1996, pursuant to the State's motions, appellant was adjudicated guilty and his sentence probated for ten years. The court held appellant violated the terms of his probation by failing to report to his probation officer.

In September of 1995, appellant was indicted for burglary of a habitation, cause number 95–CR–4733. In 1996, pursuant to a plea agreement, appellant entered a plea of guilty and was sentenced to ten years which was probated. In July of 1997, a motion to revoke probation was filed by the State on cause numbers 92–CR–318, 92–CR–319 and 95–CR–4733. In its motion, the State alleged appellant had violated various provisions of probation including: (1) committing an offense against the laws of Texas, including credit card abuse and burglary of a habitation; (2) failing to report to his supervision officer; (3) failing to pay court appointed attorney fees; (4) failing to pay other court costs; and (5) failing to pay required community service restitution. The trial court granted the State's motion and sentenced appellant to ten years incarceration in the Texas Department of Criminal Justice, Institutional Division.

## Standard of Review

In a revocation of probation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Jackson v. State*, 915 S.W.2d 104, 105 (Tex.App.—San Antonio 1996, no

pet.) Accordingly, we review a trial court's decision revoking probation by an abuse of discretion standard. *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In determining whether a trial court abused its discretion, we must view the evidence presented at the hearing in the light most favorable to the trial court's finding. *Jones v. State,* 589 S.W.2d 419, 420 (Tex.Crim.App.1979).

### Double Jeopardy

In his first issue, appellant asserts that the trial court erred in resetting the hearing on probation revocation on the basis that it placed him in double jeopardy. At the probation revocation hearing, the State announced that it would proceed against appellant on the conviction of burglary of a habitation, credit card abuse, failure to report in 1997, failure to pay court-appointed attorney fees, court costs, administration fees, and failure to do community restitution. Appellant pled not true to the grounds alleged. However, the State failed to raise the ground of credit card abuse, and appellant did not enter a plea as to that particular ground. The State's first witness was John Collier, appellant's probation officer. During direct examination of Collier, the State announced the following, "We waive and abandon the remaining allegations. Actually, Your Honor, we'll go ahead and read in the new number one violation, and we'll ask for a hearing to reset this." The State then proceeded to read a judgment in which appellant was found guilty of fraudulently obtaining a credit card. Thereafter, appellant objected on the grounds that appellant had already had his hearing and that the State had already placed evidence against appellant supporting the other grounds for revocation of probation. The trial court

overruled appellant's objection and reset the hearing for a later date. Prior to the second hearing, appellant filed a special plea of double jeopardy which was subsequently denied by the trial court.[1]

According to appellant's argument, jeopardy attached during the hearing when both sides announced ready and appellant announced his plea of "not true" to the violations asserted by the State. Because the State essentially dismissed the violations of credit card abuse, appellant contends that the State was precluded from subsequently raising the allegation and presenting proof on that violation. According to appellant, the trial court erred in granting the reset. We disagree.

In the event of a bench trial, for the purpose of state constitutional protection, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. *State v. Torres,* 805 S.W.2d 418, 421 (Tex.Crim.App.1991). The abandonment of an accusation after jeopardy attaches amounts to an acquittal. *Lewis v. State,* 889 S.W.2d 403, 406 (Tex.App.—Austin 1994, pet. ref'd). A defendant is placed in jeopardy, and therefore cannot be retried, where a criminal accusation is dismissed, waived or abandoned. *Id.* Appellant cites *Lewis* and *Torres* as dispositive of his first issue. While we agree with appellant that *Lewis* and *Torres* stand for the rules of law espoused, we do not find them applicable to the facts of this case.

Whether under the Texas or U.S. Constitution, it is elemental that the criteria which triggers double jeopardy is the risk of multiple prosecutions or punishments for the same offense. *Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex.Crim.App. 1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct.

1. As a related issue, appellant asserts in his third issue that he should be granted a new trial on the basis that the court reporter's record was not timely filed after appellant exercised due diligence in attempting to secure its filing. *See* Tex.R.App. P. 34.6(f); *Payne v. State,* 802 S.W.2d 686, 689 (Tex.Crim.App.

1990). The record on this hearing specifically covered appellant's special plea of double jeopardy and pre-trial motions. We need not address this issue as the record for that hearing has been filed. Therefore, we overrule appellant's third issue.

2584, 132 L.Ed.2d 833 (1995). Unlike a criminal proceeding, guilt or innocence is not at issue during a probation revocation hearing. *State v. Nash,* 817 S.W.2d 837, 840 (Tex.App.—Amarillo 1991, pet. ref'd). Rather, what is at issue is whether the defendant has committed an act which effectively broke the contract he or she made with the court pursuant to granting probation. *Id.* The result is not a conviction, but a finding on which the trial court can then exercise its discretion by revoking or continuing probation. *Id.* (citing *Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Crim.App.1978)). Accordingly, double jeopardy does not apply to a proceeding in which the result is neither a conviction nor an acquittal. *See id.* Therefore, we refuse to apply it to the present circumstances.

■■■ In addition, we do not find error in light of the fact that appellant was never twice subject to jeopardy. In the present case, it is clear that the State merely chose to include yet another allegation on which to argue appellant's revocation of probation. The record does not reflect, and appellant does not allege, that he was being retried for fraudulently obtaining a credit card and then using it for personal purchases. Appellant merely asserts that he was twice placed in jeopardy based on the State's abandonment of its first allegation, and then its reassertion of that allegation. This simply is not double jeopardy. Accordingly, appellant's first issue is overruled.

### Failure to Pay Court Costs and Attorney's Fees

In his second issue, appellant contends that his probation was revoked in absence

of minimum standards of due process and due course of law under the U.S. Constitution.[2] That is, he argues that the State failed to prove that appellant violated various conditions of his probation in which he failed to account for community supervision, and failed to pay various court costs. Thus, the trial court abused its discretion in granting the probation. Appellant also asserts that the trial court abused its discretion in light of the fact that appellant was unable to pay these costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.1999).

■■■ In a probation revocation proceeding, the State is not required to prove violations beyond a reasonable doubt. *Mata v. State,* 632 S.W.2d 355, 361 (Tex. Crim.App.1982); *Harvey v. State,* 821 S.W.2d 389, 392 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). The State must only prove the alleged violations by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993). In turn, the defendant carries the burden of proving the affirmative defense of being unable to pay for various requirements when under probation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.1999); *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App.1979); *Stanfield v. State,* 718 S.W.2d 734, 737 (Tex.Crim.App. 1986) (stating that a probationer's inability to pay is an affirmative defense even if revocation is sought on other grounds). Under this burden, the defendant must prove the inability to pay by a preponderance of the evidence. *Id.* Where the inability to pay is raised, the State bears the burden of proving that the failure to pay was intentional. *Stanfield,* 718 S.W.2d at 737–38.

2. While appellant raises a due process challenge in asserting the State's failure to prove his violation of probation, he does not contest the fact that he was provided notice of the alleged violations, that he had opportunity to appear and present evidence on his own behalf, maintained the right to confront and cross-examine witnesses against him, and had a hearing. *See Gagnon v. Scarpelli,* 411 U.S. 778, 783, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, we need not address the due process challenge, and instead look to whether or not the trial court abused its discretion in revoking appellant's probation on the grounds that he failed to pay court costs, administrative and court-appointed attorney fees.

In the present case, the State specifically alleged that appellant failed to:

(1) perform required community service;

(2) pay court costs in the amount of $84.50 on or about May 26, 1996 pursuant to cause number 92–CR–318 and 92–CR–319;

(3) failed to pay court costs in the amount of $99.50 on or about August 24, 1996 pursuant to cause number 92–CR–4733;

(4) failed to pay administrative fee payments in the amount of $30.00 pursuant to cause number 92–CR–4733; and

(5) failed to pay court appointed attorney fee payments in the amount of $5.00 per month from June 1996 through June 1997.

In support of these allegations, appellant's probation officer testified that as of the hearing date, appellant had not performed any community service. Collier specifically testified that appellant was incarcerated pursuant to the May 1996 motion to revoke probation from May 1996 to August 1996. He further stated appellant had failed to pay administrative fees due every 24th day of the month from August 1996 to April 1997. Court appointed attorney's fees were not paid from June 1996 to June of 1997. According to Collier, appellant was ultimately arrested for burglary of a habitation on April 12, 1997. However, he was able to post bond, but was then arrested again on April 29, 1997.

Witness testimony on appellant's behalf included the testimony from former employers regarding the salary which he earned from September 1996 to February 1997. From these employers, evidence was adduced that appellant had earned approximately $5.50 to $6.00 an hour. However, appellant was ultimately terminated from his last job because of his criminal history. His common-law wife also testified. She stated that she and appellant lived with their two children. The family once lived in their own home, but subsequently lost that home and were forced to live in a shelter. She testified that from August 1996 to April 1997, appellant was responsible for family expenses such as food, rent, hygiene products, and car repairs. Finally, she stated that appellant was unable to work for the month and a half he was incarcerated, but that he was a "hard worker" who would hold down two jobs at once.

There was ample evidence from which the trial court adduced that appellant was employed during the time court and administrative fees were required to be paid. Based on this evidence, the trial court could have determined that appellant had the resources to pay, make a partial payment or at least a good faith effort to make payments. He did not. While appellant's wife testified that appellant was responsible for the family expenses when he was not in jail, such a vague reference does not amount to proof of the inability to pay by a preponderance of the evidence. *See Jones*, 589 S.W.2d at 421. *Jackson*, 915 S.W.2d at 106. The evidence presented is sufficient to infer that appellant's failure to pay was intentional. Therefore, the State proved intentional failure to pay by a preponderance of the evidence. We do not find the trial court abused its discretion in revoking appellant's probation based on the failure to pay required fees. *See Jones*, 589 S.W.2d at 421; *Stanfield*, 718 S.W.2d at 737–38. Appellant's second issue is overruled.

█ We need not consider appellant's fourth and fifth issues because proof of any single alleged violation of a condition of probation is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980); *Watts v. State*, 645 S.W.2d 461, 463 (Tex.Crim.App.1983).

For the reasons stated above, the judgments of the trial court are affirmed.