NO. 07-01-0021-CR
NO. 07-01-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2002

_____

BANESSA HOPE HUERTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13048-9806 & A13133-9808; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon hearing evidence that appellant Banessa Hope Huerta had violated the
conditions of her community supervision, which had been granted upon two separate
convictions for burglary of a habitation, the trial court revoked community supervision and
assessed punishment at five years confinement and a $500 fine in cause number B13048-
9806 and six years confinement in cause number A13133-9808.  Presenting two points of

error, appellant contends the trial court erred by revoking her community supervision because (1) she proved the affirmative defense of inability to pay by a preponderance of the evidence, and (2) all other violations were a direct result of her inability to pay. Based upon the rationale expressed herein, we affirm.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). However, when a defendant raises inability to pay, Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2002), the burden is on the defendant to prove the affirmative defense by a preponderance of the evidence. Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App. 1986). Where inability to pay is raised, the State bears the burden of proving that the failure to pay was intentional. Id. at 737-38.

At the hearing on the State's motion to revoke for multiple violations of conditions of community supervision, appellant voluntarily plead true to the State's allegations. The clerk's records also contain signed stipulations of evidence in which appellant states, "all the acts and allegations in said Original Application to Revoke Probation are true and correct." She testified at the hearing that she knew she had violated the conditions of community supervision, but justified the violations based on her affirmative defense of

2

inability to pay.  The court found that she violated the following conditions of community supervision:

- failed to maintain suitable employment;
- failed to advise her supervision officer of changes in employment;
- failed to pay restitution, fines and costs;
- failed to complete community service; and
- failed to attend GED program.

Appellant rationalized the violations by explaining that she had no one to leave her children with while she was at work, or to attend the GED program, or complete community service hours.  She claimed to be unable to leave her children with her father and stepmother because she claimed her father molested her and she feared him.  However, at the time of the hearing she testified that her children were living with her father and she was living with her boyfriend in Lubbock.  When questioned by the trial court on what effort she had made to find someone to care for her children she responded, "I never tried to find anyone."  Appellant's boyfriend testified that she had asked friends to take care of her children, but that no one wanted to help.

Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).  Although appellant asserted inability to pay as a justification for

all violations, her failure to complete community service at the pace of only eight hours per month did not require financial resources. Regardless of appellant's affirmative defense of inability to pay, a plea of true to the State's allegations and her testimony that she knew she had violated the conditions of community supervision support the trial court's revocation order. Duke v. State, 2 S.W.3d 512, 517 (Tex.App.–San Antonio 1999, no pet.). We find the trial court did not abuse its discretion in revoking appellant's community supervision. Points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.

4