# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00661-CR
## NO. 03-01-00662-CR

**Christopher Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NOS. 941868 & 940202, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

These appeals are from orders revoking community supervision (probation) in two different causes which are consolidated for the purposes of appeal. On August 24, 1994, appellant entered a plea of guilty to the lesser included offense of sexual assault in trial court cause number 941868 (our cause number 03-01-00661-CR). On the same date, appellant also entered a guilty plea to the offense of indecency with a child by contact in trial court number 940202 (our cause number 03-01-00662-CR). In each case, the trial court placed appellant on community supervision for ten years subject to certain conditions.

On the 18th and the 31st of October 2001, the trial court conducted hearings on the second amended motion to revoke community supervision in each case. These motions alleged the same violations of the conditions of community supervision, including the commission of the offenses of assault, riot, failure to register as a sex offender, and the failure to report to the supervising officer.

The trial court revoked community supervision in both cases based on all the violations of conditions alleged.  The trial court assessed concurrent eight-year sentences.

## Points of Error

Appellant advances the same three points of error in each case but in separate briefs. First, appellant contends that the trial court erred in admitting hearsay evidence that concerned alleged Aadministrative@ violations such as failure to report and failure to notify change in marital status.  Second, appellant urges that he was denied the right to effectively confront a witness during the revocation proceeding.  Third, appellant asserts that the evidence was legally insufficient to establish by a preponderance of the evidence that he violated Ahis probation.@

Appellate review of an order revoking community supervision is confined to whether the trial court abused its discretion.  *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).  The burden of persuasion in determining questions of evidentiary sufficiency in revocation proceedings is by a preponderance of the evidence.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  The prosecution sustains its burden of persuasion or proof when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of community supervision has been violated as alleged in the motion to revoke.  *Battle v. State*, 571 S.W.2d 20, 21-22 (Tex. Crim. App. 1978); *Scamardo*, 517 S.W.2d at 298. When the State sustains its burden, the decision whether to revoke probation is within the discretion

of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979); *Ortega v. State*, 860 S.W.2d 561, 564 (Tex. App.CAustin 1993, no pet.). In determining whether the trial court abused its discretion, we must view the evidence presented at the revocation hearing in the light most favorable to the trial court=s findings. *Jones v. State*, 589 S.W.2d 419, 420 (Tex. Crim. App. 1979); *Duke v. State*, 2 S.W.3d 512, 515 (Tex. App.CSan Antonio 1999, no pet.); *Ortega*, 866 S.W.2d at 564. A finding of a single violation of a condition of community supervision is sufficient to support the revocation. *Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Allbright*, 13 S.W.3d at 819; *Duke*, 2 S.W.3d at 517. Thus, in order to prevail, an appellant must successfully challenge all the findings that support the revocation order. *Joseph*, 3 S.W.3d at 640 (citing *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978)).

With this background, we turn to the revocation hearings. Both revocation motions alleged ten violations of the conditions imposed. One violation alleged was that on or about October 8, 2000, appellant Adid then and there intentionally and knowingly cause bodily injury to Hilda Rodriguez by grabbing and choking Hilda Rodriguez=s neck with his hand and by hitting Hilda Rodriguez with his hand.@

On October 18, 2001, at the revocation hearing, Hilda Rodriguez testified she had been married to the appellant for a year and three months, and that on October 8, 2000, he was living with her at 1148 Gunter Street in Austin when he assaulted her. She related that appellant choked and squeezed her neck with his hands on the occasion in question; that she felt like she couldn=t breathe and she was scared; and that appellant also hit her in the head with his hand. In

**3**

their struggle, they fell out of bed, and her daughter and son-in-law came into the room. Appellant followed her into another room and pushed her. The police were called. After hearing three other State=s witnesses concerning other alleged violations of conditions, the trial court revoked community supervision in both cases.

Appellant prevailed upon the trial court to reopen the revocation proceeding on October 31, 2001. At this hearing, appellant=s counsel read into the record from some unidentified Atranscript@[1] that counsel claimed were prior inconsistent statements made under oath by Hilda Rodriguez. Summarizing from the transcript, appellant=s counsel stated that Hilda had testified that she and appellant separated on June 23, 2000, after she was thrown from a truck, but appellant came Aback whenever he liked,@ and that appellant had been gone for two weeks when he returned to her house on October 8, 2000, the day of the assault. Appellant=s counsel urged that the foregoing contradicted and impeached Hilda=s testimony at the earlier revocation hearing claiming that

---

[1] At the close of the hearing on October 18, 2001, appellant=s counsel orally requested a Acontinuance@ to Asecure the transcript of the hearing that was held in June of this year about the assault case.@ Later, a reference was made to a AJudge Denton.@ The continuance was denied. Whether the Atranscript@ read from on October 31, 2001, was this transcript was never established.

Page 6 of appellant=s brief contains the following notation: A(The following information is provided for the Court so that it may determine the admissibility of certain evidence in the instant causes.)@ What followed were statements like ATravis County Court # 4 had a trial in the assault case, and the appellant was found guilty of Assault Family Violence.@ No cause number or dates were given. What follows on page 6 are statements indicating difficulty in obtaining Aa free transcript and statement of facts.@ Page 6 concludes with an assertion that a transcript was eventually obtained after October 18, 2001, but before October 31, 2001. An appellate court cannot accept as fact either allegations or assertions in appellate briefs that are not supported by the record. *See Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981); *Lopez v. State*, 990 S.W.2d 770, 775 (Tex. App.CAustin 1999, no pet.); *Elam v. State*, 841 S.W.2d 937, 940 (Tex. App.CAustin 1992, no pet.); *Miranda v. State*, 813 S.W.2d 724, 738 (Tex. App.CSan Antonio 1991, pet. ref=d).

appellant was living with her at the time of the assault, which fact supported the State=s allegation that he changed residences without notifying the community supervision officer.

Counsel claimed that the Atranscript@ also reflected that Hilda had testified she attacked appellant when he called her a prostitute. Counsel=s summarizing does not make clear whether this occurred on October 8, 2000, or some other date. At the second hearing, appellant=s counsel introduced two photographs which he stated were photographs that Hilda had earlier identified as depicting her injuries on October 8, 2000. Counsel then contended that the injuries reflected by the photographs did not appear to be choking injuries. At the conclusion of the second hearing, the trial court again revoked community supervision.

In a revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Duke*, 2 S.W.3d at 514-15. In viewing the evidence in the light most favorable to the trial court=s finding, we conclude that the evidence is sufficient to support the revocation in each case on the basis that appellant committed an assault upon Hilda Rodriguez on October 8, 2000, as alleged in the revocation motions. As noted earlier, proof of any single alleged violation of a condition of community supervision is sufficient to support the revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Therefore, we need not consider the sufficiency of the evidence to support revocation on every other violation as appellant claims in his third point of error. Likewise, we need not consider the overruling of appellant=s hearsay objections to evidence proffered to support the alleged Aadministrative@ violations as urged in the first point of error.

Appellant=s point of error two involved the alleged violation of community supervision by committing the offense of assault. The trial court found this allegation to be true, and we have determined that this finding alone supports the revocation. Therefore, we shall consider the contention as framed.

Appellant claims that his constitutional right to confront Hilda Rodriguez, a witness against him, and to cross-examine her was violated at the revocation hearing. Hilda Rodriguez testified at the first revocation hearing and was cross-examined by appellant. Subsequently, the trial court granted appellant=s request to reopen the revocation proceedings. At that hearing, appellant=s counsel asked whether the trial court preferred for him to introduce a Atranscript@ into evidence or to read from it. The trial court gave counsel his choice and he read from the Atranscript.@

Now, on appeal, appellant for the first time asserts that Hilda Rodriguez was not present at the reopened proceedings and that the Ainconsistent prior testimony@ did not Ahave the same character, force and impact as having the witness admit her prior inconsistent statements.@ If Hilda Rodriguez was absent at the time, the record does not so reflect. Appellant made no effort to recall her for further cross-examination. No objection was made that appellant was being denied his right of confrontation and cross-examination of witnesses. In fact, no objection at all was made. No error was preserved. *See* Tex. R. App. P. 33.1. As a general rule, appellate courts will not consider errors not called to the trial court=s attention, and even errors of constitutional dimension may be waived in this manner. *Webber v. State*, 21 S.W.3d 726, 730 (Tex. App.CAustin 2000, pet. ref=d). The second point of error is overruled.

We conclude that the trial court did not abuse its discretion in revoking community supervision in both causes. The orders of revocation are affirmed.


John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion[*]

Affirmed

Filed: June 21, 2002

Do Not Publish

Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).