NO.
12-06-00184-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

FABIAN LONG,       §          APPEAL
FROM THE 3RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Fabian Long
appeals his conviction of possession of a controlled substance, for which he
was sentenced to two years in a state jail facility.  In one issue, Appellant contends that the
trial court erred by refusing to consider his inability to pay during the
revocation hearing.  We affirm.

 

Background

            On
September 9, 2005, Appellant waived indictment and was charged by information
with possession of a controlled substance, cocaine, in an amount of less than
one gram, a state jail felony.[1]








 On the same date, Appellant and his counsel
signed an agreed plea recommendation stating, in part, that he agreed to the
stipulation of evidence, judicially confessed to the offense alleged in the
indictment or complaint and information, waived his time to file motions for
new trial and in arrest of judgment, waived his right to appeal, and waived his
right of trial by jury.  This document
was acknowledged by Appellant, his counsel, and the State’s attorney.  The trial court accepted Appellant’s plea,
adjudicated him guilty of possession of a controlled substance of less than one
gram, and sentenced him to two years in a state jail facility and a $2,000
fine.  However, the trial court suspended
imposition of the sentence and placed Appellant on community supervision for
five years.  The fine was probated to
$1,000. Among the terms of Appellant’s community supervision was that he commit
no offense against the laws of this state and abstain from the use of alcoholic
beverages and narcotic drugs or other controlled substances.

            On
March 13, 2006, the State filed a motion to revoke Appellant’s community
supervision. The motion alleged that Appellant had violated the terms of his
community supervision by failing to commit no offense against the laws of this
state, abstain from the use of alcoholic beverages or narcotic drugs or other
controlled substances, remain within the State of Texas unless he secured
written consent from his community supervision officer, participate in a
community service restitution program, attend and successfully complete a drug
offender education program, and pay court appointed attorney fees, supervision
fees, court costs, fines, restitution, and crime stoppers.

            A
hearing on the State’s motion to revoke was held on May 3, 2006. Appellant
pleaded “true” to the allegations that he committed an offense against this
state, consumed alcoholic beverages and 
narcotic drugs or other controlled substances, and failed to pay court
appointed attorney fees, supervision fees, court costs, fines, restitution, and
crime stoppers. He pleaded “not true” to the remaining allegations.[2]


            During
the hearing, Appellant testified that he was unable to pay the fees because he
owed over $800 in back child support and had to pay $250 per month in child
support.  He stated that he attempted to
pay as much of the child support and fees as he could to “keep from being
incarcerated.”  Appellant testified that,
during his community supervision, he was self employed, and recently had begun
employment in an oil field.  Appellant
also testified that he was required to pay $86 to complete the drug offender
education program.  However, he never
stated that he did not have the funds to pay for the program. He said only that
he never received information about when to take the program.                                  

            At
the conclusion of the hearing, the trial court found the allegations “true”
that Appellant  committed an offense
against this state, consumed alcoholic beverages and narcotic drugs or other
controlled substances, failed to perform his community service restitution for
the months of December 2005, January 2006, and February 2006, and failed to pay
court appointed attorney fees, supervision fees, court costs, fines,
restitution, and crime stoppers. Thus, the trial court revoked Appellant’s
community supervision, and assessed his punishment at two years in a state jail
facility. This appeal followed.

 

Inability to
Pay

            In
his sole issue on appeal, Appellant argues that the trial court erred because
it did not consider his inability to pay or take the required courses because
he lacked the funds to do so.  The State
contends that Appellant’s issue should be denied because he failed to present a
proper legal argument.  According to the
State, Appellant’s brief failed to contain citations to case law in support of
his position and did not make a legal argument based upon the authorities
cited.  We agree that Appellant’s
argument was inadequately briefed. 

            Appellant’s
brief contained global citations to articles 1.04 and 1.05 of the Texas Code of
Criminal Procedure, the Texas Constitution, and the United States
Constitution.  Also, Appellant did not
separately argue his state and federal constitutional claims or argue that the
Texas constitutional protections differ in any significant way from those
protections or rights in the United States Constitution.  To adequately brief a state constitutional
issue, Appellant must proffer specific arguments and authorities supporting his
contentions under the state constitution. 
Moore v. State, 935 S.W.2d 124, 128 (Tex. Crim. App.
1996); Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App.
1995).  Because Appellant failed to do
so, we consider Appellant’s sole issue as a federal constitutional claim
only.  See Jackson v. State,
992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999); Johnson v. State,
853 S.W.2d 527, 533 (Tex. Crim. App. 1992). 

            An
appellant’s brief must contain a clear and concise argument for the contentions
made, with appropriate citation to authorities and to the record. Tex. R. App. P. 38.1(h). However,
Appellant’s argument regarding the violation of his federal constitutional
protections and rights is conclusory. Appellant also fails to describe any
justification or reason for a determination that the trial court violated his
federal constitutional protections and rights by refusing to consider his
inability to pay. Although Appellant’s brief contained a global citation to the
United States Constitution, the court of criminal appeals stated that it is “incumbent
upon counsel to cite specific legal authority and to provide legal argument
based upon that authority.”  Rhoades
v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996).  Further, it is not sufficient that an
appellant globally cite to, for instance, the Sixth Amendment, and nothing else
in his request for reversal.  See id.  As such, Appellant has not adequately briefed
his sole issue.  Therefore, he has waived
the issue on appeal. See Tex. R.
App. P. 38.1(h).  However, even
absent waiver, we conclude that Appellant’s issue is without merit.

            Due
to the unique factors involved in a revocation case, including the trial court’s
wide discretion, its role as the sole trier of fact, and the unique nature of
community supervision revocation proceedings, examination of a revocation order
for factually sufficient evidence is inappropriate.  Cochran v. State,
78 S.W.3d 20, 27 (Tex. App.–Tyler 2002, no pet.); Becker  v. State, 33 S.W.3d 64, 66 (Tex. App.–El
Paso 2000, no pet.).  Rather, appellate
review of an order revoking probation is limited to determining whether the
trial court abused its discretion.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Duke v.
State, 2 S.W.3d 512, 515 (Tex. App.–San Antonio 1999, no pet.).

            At
a probation revocation hearing, the State has the burden of establishing the
alleged violations by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993); Cochran, 78 S.W.3d at 28.  If there is some evidence to support the
finding of even a single violation, the revocation order must be upheld.  Cochran, 78 S.W.3d at 28; Becker,
33 S.W.3d at 66-67.  Proof of a violation
of a single condition of probation is sufficient to support a trial court’s
decision to revoke.  Cochran,
78 S.W.3d at 28 (citing Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980)).  A plea of “true,”
standing alone, is sufficient to support a revocation of probation.  Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. 1979); Hays v. State, 933 S.W.2d 659, 661
(Tex. App.–San Antonio 1996, no pet.). 
When a plea of “true” is entered, the sufficiency of the evidence may
not be challenged.  Hays,
933 S.W.2d at 661 (citing Rincon v. State, 615 S.W.2d 746, 747
(Tex. Crim. App. [Panel Op.] 1981)). 

            As
noted above, Appellant pleaded “true” to the allegations contained in the State’s
motion to revoke regarding his failure to pay certain fees and costs.  In his brief, Appellant did not point to any
evidence indicating that he was indigent. 
Moreover, Appellant pleaded “true” to allegations regarding his failure
to pay fees and costs and, as such, may not challenge the sufficiency of the
evidence.  See id.  

            Further,
Appellant argues that the trial court should not have found “true” allegations
that could not be performed, namely taking the required courses, due to his
inability to pay because he was indigent. 
The only course that Appellant was required to take was the drug
offender education program.  However,
Appellant pleaded “not true” to the allegation that he failed to attend and
successfully complete the program, and the trial court found that allegation to
be “not true.” 

            Any
one of Appellant’s pleas of “true” was sufficient to support a revocation of
his probation. See Moses, 590 S.W.2d at 470; Hays,
933 S.W.2d at 661.  Because Appellant
pleaded “true” to at least one violation alleged in the State’s motion to
revoke, the trial court did not abuse its discretion in revoking his community
supervision.  See Moses,
590 S.W.2d at 470; Cochran, 78 S.W.3d at 28; Hays,
933 S.W.2d at 661.  Accordingly, Appellant’s
sole issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered November 1, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Health & Safety Code Ann.§ 481.102(3)(D) (Vernon Supp. 2006); Tex. Health & Safety Code Ann.§
481.115(a)(b) (Vernon 2003).





[2] Although the judgment stated that Appellant
pleaded “true” to the allegation that he failed to perform his community
service restitution for the months of December 2005, January 2006, and February
2006, the reporter’s record shows that he pleaded “not true.”