NO. 07-07-0132-CR


NO. 07-07-0133-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2007



______________________________




EDWIN ROJAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;



NOS. 0942114D & 0942115D; HONORABLE ROBERT K. GILL, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Pending before this Court is Edwin Rojas's pro se Motion to Withdraw Appeal in
which he expresses he no longer wishes to pursue these appeals. As required by Rule
42.2(a) of the Texas Rules of Appellate Procedure, the motion is signed by Appellant. No
decision of this Court having been delivered to date, the motion is granted and the appeals
are dismissed. No motions for rehearing will be entertained and our mandates will issue
forthwith.

 Accordingly, the appeals are dismissed.

 Patrick A. Pirtle

 Justice

 


Do not publish.



n, we affirm.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). However, when a
defendant raises inability to pay, Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon
Supp. 2002), the burden is on the defendant to prove the affirmative defense by a
preponderance of the evidence. Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App.
1986). Where inability to pay is raised, the State bears the burden of proving that the
failure to pay was intentional. Id. at 737-38.

 At the hearing on the State's motion to revoke for multiple violations of conditions
of community supervision, appellant voluntarily plead true to the State's allegations. The
clerk's records also contain signed stipulations of evidence in which appellant states, "all
the acts and allegations in said Original Application to Revoke Probation are true and
correct." She testified at the hearing that she knew she had violated the conditions of
community supervision, but justified the violations based on her affirmative defense of
inability to pay. The court found that she violated the following conditions of community
supervision:


 failed to maintain suitable employment;
 failed to advise her supervision officer of changes in employment;
 failed to pay restitution, fines and costs; 
 failed to complete community service; and
 failed to attend GED program.


 

 Appellant rationalized the violations by explaining that she had no one to leave her
children with while she was at work, or to attend the GED program, or complete community
service hours. She claimed to be unable to leave her children with her father and
stepmother because she claimed her father molested her and she feared him. However,
at the time of the hearing she testified that her children were living with her father and she
was living with her boyfriend in Lubbock. When questioned by the trial court on what effort
she had made to find someone to care for her children she responded, "I never tried to find
anyone." Appellant's boyfriend testified that she had asked friends to take care of her
children, but that no one wanted to help.

 Although one sufficient ground for revocation supports the trial court's order, Moore
v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is
sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469,
470 (Tex.Cr.App. 1979). Although appellant asserted inability to pay as a justification for
all violations, her failure to complete community service at the pace of only eight hours per
month did not require financial resources. Regardless of appellant's affirmative defense
of inability to pay, a plea of true to the State's allegations and her testimony that she knew
she had violated the conditions of community supervision support the trial court's
revocation order. Duke v. State, 2 S.W.3d 512, 517 (Tex.App.-San Antonio 1999, no
pet.). We find the trial court did not abuse its discretion in revoking appellant's community
supervision. Points of error one and two are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 


Do not publish.