ACCEPTED
12-15-00191-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/24/2015 11:38:22 AM
Pam Estes
CLERK

## No. 12-15-00191-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/24/2015 11:38:22 AM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DEBORAH ANN PATTERSON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0784-14

ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
JLawAppeals@gmail.com
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Melvin Thompson
2108 S. Wall Ave.
Tyler, TX 75701

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................... ii

TABLE OF CONTENTS ............................................................................................ iii

INDEX OF AUTHORITIES ...................................................................................... iv

STATEMENT OF THE CASE ....................................................................................2

ISSUES PRESENTED ...............................................................................................2

STATEMENT OF FACTS...........................................................................................2

PROFESSIONAL EVALUATION OF THE RECORD...............................................3

SUMMARY OF THE ARGUMENT ..........................................................................3

ARGUMENT ..............................................................................................................4

    **I.    THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SUPERVISION**................................................................................5

    Standard of Review ..........................................................................................4

    A.  There Was Legally Sufficient Evidence to Support the Revocation ....................5

    B.  Appellant's Sentence Was Within the Statutory Range of Punishment................7

    C.  Appellant Received Effective Assistance of Counsel.........................................8

CONCLUSION AND PRAYER ..................................................................................9

CERTIFICATE OF SERVICE.....................................................................................9

CERTIFICATE OF COUNSEL ................................................................................10

CERTIFICATE OF COMPLIANCE .........................................................................10

# INDEX OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Anders v. California,*
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................................. 3, 8, 10

*Boykin v. Alabama,*
395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ................................... 5

*Strickland v. Washington,*
466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984) ................................ 8

## TEXAS COURT OF CRIMINAL APPEALS:

*Cardona v. State,*
665 S.W.2d 492 (Tex.Crim.App. 1984) ...................................................... 4

*Cobb v. State,*
851 S.W.2d 871 (Tex.Crim.App. 1993) ...................................................... 6

*Gutierrez v. State,*
65 S.W.3d 362 (Tex.Crim.App. 2003) ........................................................ 6

*Hernandez v. State,*
988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................ 8

*Jackson v. State,*
973 S.W.2d 954 (Tex.Crim.App. 1998) ...................................................... 8

*Kniatt v. State,*
206 S.W.3d 657 (Tex.Crim.App. 2006) ...................................................... 5

*Lyles v. State,*
850 S.W.2d 497 (Tex.Crim.App. 1993) ...................................................... 4

*Miniel v. State,*
831 S.W.2d 310 (Tex.Crim.App. 1992) ...................................................... 8

**TEXAS COURT OF CRIMINAL APPEALS (CON'T):**

*Moore v. State,*
  694 S.W.2d 528 (Tex.Crim.App. 1985) ........................................................ 8

*Moses v. State,*
  590 S.W.2d 469 (Tex.Crim.App. 1979) ........................................................ 6

*Rickles v. State,*
  202 S.W.3d 759 (Tex.Crim.App. 2006) ........................................................ 4

*Stafford v. State,*
  813 S.W.2d 503 (Tex.Crim.App. 1991) ........................................................ 8


**TEXAS COURTS OF APPEAL:**

*Canseco v. State,*
  199 S.W.3d 437 (Tex.App.—Houston [1st Dist.] 2006) .............................. 4

*Duke v. State,*
  2 S.W.3d 512 (Tex.App.—San Antonio 1999) ............................................. 4

*Graves v. State,*
  176 S.W.3d 422 (Tex.App.—Houston [1st Dist.] 2004) .............................. 7

*Hays v. State,*
  933 S.W.2d 659 (Tex.App.—San Antonio 1996) ........................................ 5, 6

*Joseph v. State,*
  3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999) ............................... 4

*Kirk v. State,*
  949 S.W.2d 769 (Tex.App.—Dallas 1997) .................................................. 7

*Lewis v. State,*
  195 S.W.3d 205 (Tex.App.—San Antonio 2006) ........................................ 4

*Mays v. State,*
  904 S.W.2d 290 (Tex.App.—Fort Worth 1995) .......................................... 3

**TEXAS COURTS OF APPEAL (CON'T):**

*Patrick v. State,*
  12-07-00137-CR, 2008 Tex.App.LEXIS 2264 (Tex.App.—Tyler 2008)..... 6


**STATUTES:**

TEX. CODE CRIM. PROC. art. 26.13 ................................................................. 5

TEX. CODE CRIM. PROC. art. 42.12 ................................................................. 7

TEX. PEN. CODE § 12.35 ................................................................................. 7

TEX. PEN. CODE § 32.31 ................................................................................. 7a

**No. 12-15-00191-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DEBORAH ANN PATTERSON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0784-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Deborah Patterson and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Deborah Patterson seeks to appeal her conviction and sentence for the offense of felony credit card abuse. (I CR 69). Ms. Patterson was indicted for this offense in the 114th District Court of Smith County and, pursuant to a plea agreement, was sentenced to two years' confinement probated for a period of four years. (I CR 1, 46). In July of this year that probation was revoked and Ms. Patterson was sentenced to serve a term of eighteen months' confinement. (I CR 69). Sentence was pronounced on 20 July and notice of appeal then timely filed. (I CR 69, 89).

## ISSUE PRESENTED

I.   **THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

## STATEMENT OF FACTS

In June of last year Appellant, Ms. Deborah Patterson, was indicted for the felony offense of credit card abuse in the 114th District Court of Smith County. (I CR 1). A plea agreement was reached whereby in exchange for her plea of guilty Ms. Patterson received a sentence of two years' confinement probated for four years. (I CR 46). In April the State filed an application to revoke Ms. Patterson's community supervision. (I CR 54). To all of the allegations made against her in the application, Ms. Patterson entered a plea of "true." (I CR 67). Based on this

2

plea, the trial court revoked the previously ordered probation and imposed punishment at a term of eighteen months' confinement. (I CR 69). Sentence was pronounced on 20 July and notice of appeal then timely filed. (I CR 69, 89).

## PROFESSIONAL EVALUATION OF THE RECORD

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel must present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23 (Tex.App.—Fort Worth 1995, no pet.).

## SUMMARY OF ARGUMENT

Pursuant to the responsibilities and requirements of the governing code of professional conduct, a thorough review of the record has been made. Counsel's research has revealed no arguable, non-frivolous grounds that could be advanced in support of a claim that there exists reversible error in the trial, judgment, or sentence of Appellant. A review and analysis of any potential issues is herein presented for the Court excluding any potential issues that, if successfully raised, would produce a result adverse to Appellant's interests.

## ARGUMENT

Standard of Review

A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). A trial court abuses its discretion if it acts without reference to guiding principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). Appellate review considers the record in the light most favorable to the trial court's decision. *Duke v. State*, 2 S.W.3d 512, 515 (Tex.App.—San Antonio 1999, no pet.).

Proof of a single violation is sufficient to support a revocation. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). To prevail then, an appellant must show, looking in the light most favorable to the court's decision, that the record is insufficient evidence to support each finding of the court. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, no pet.); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

**I.** **THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SU-PERVISION.**

A. There Was Legally Sufficient Evidence to Support the Revocation.

By way of the application filed against him, the State argued that Ms. Patterson had violated the terms and conditions of her community supervision. (I CR 54). Ms. Patterson entered pleas of "true" to all of the violations alleged against her. (I CR 67). Those violations included:

| Application Paragraph | Allegation |
|---|---|
| II | Failure to report as directed |
| III | Use of cocaine |
| IV and V | Failure to pay fees and costs |

(I CR 54-57). If made freely, knowingly, and intelligently, Ms. Patterson's pleas of "true" to the allegations made against her are by themselves sufficient to support the trial court's revocation of community supervision. *See Hays*, 933 S.W.2d at 661.

Due process requires that a plea of true must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006); *see also* TEX. CODE CRIM. PROC. ANN. Art. 26.13(b). Before accepting her plea, the trial court inquired whether Ms. Patterson had been threatened, coerced, or of-

5

fered a promise of benefit in exchange for his plea, and whether he was making his plea after sufficient opportunity to consult with counsel. (IV RR 4-13). After conducting this inquiry the Court concluded that Ms. Patterson was "freely, knowingly, intelligently, and voluntarily" entering her pleas of true. (IV RR 13).

Additionally, the Clerk's Record in this case includes written waivers and admonishments signed by Ms. Patterson in which she acknowledged that she understood her rights at the revocation hearing and that she was knowingly waiving those rights. (I CR 67); *see Gutierrez v. State*, 65 S.W.3d 362, 366 (Tex.Crim.App. 2003) (holding that the full requirements of Article 26.13 do not apply to revocation proceedings); *see also Patrick v. State*, 12-07-00137-CR, 2008 Tex.App.LEXIS 2264, *1 (Tex.App.—Tyler 2008, pet. ref'd) (mem. op.) (cited for reference only) (holding same).

Based on this record there appears to be no basis from which to argue that the Court's confidence in whether the pleas entered were made freely, knowingly, and voluntarily should be undermined. Consequently, the trial court would not have abused its discretion in revoking Appellant's community supervision on the basis of her pleas alone. *Hays*, 933 S.W.2d at 661; *see also Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979) (a plea of true and written stipulation is sufficient to support revocation); *Cobb v. State*, 851 S.W.2d 871, 873

(Tex.Crim.App. 1993) (the State must prove allegations in a revocation by a preponderance of the evidence).

### B. Appellant's Sentence Was Within the Statutory Range of Punishment.

Ms. Patterson was charged with credit card abuse, a state jail felony as indicted. (I CR 1); TEX. PEN. CODE § 32.31. The range of punishment for a state jail felony is confinement for six months to two years. TEX. PEN. CODE § 12.35. Ms. Patterson was sentence to serve eighteen months' imprisonment. (I CR 69).

The sentence imposed was within the proper punishment range for the offense alleged. TEX. PEN. CODE § 12.35. Consequently, as the punishment imposed was within the statutory range for the offense, it is virtually presumed not to be constitutionally cruel and unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (at revocation the court may impose sentence anywhere within the range of punishment). Moreover, that the sentence was less than what had been the potential maximum punishment, any argument that the punishment was cruel or excessive would be difficult to make. *See, e.g., Graves v. State*, 176 S.W.3d 422, 435 (Tex.App.—Houston [1st Dist.] 2004, pet. struck) (holding that a sentence on the lower end of the punishment range tended to indicate a lack of egregious harm where error in punishment charge was present). Consequently, counsel

7

has been unable to raise a non-frivolous error on the issue of punishment on the record currently before the Court.

C. Appellant Received Effective Assistance of Counsel.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Finally, trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With this standard in mind a comprehensive review of the record has been made including potential pretrial matters, issues at the revocation hearing, and the arguments of counsel and found no basis from which to argue that counsel was ineffective. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998) (noting that on direct appeal the record is usually insufficient to support a claim of ineffective assistance).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Ms. Patterson the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone:  (903) 595-6070
Facsimile:  (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile concurrently with its filing.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,875 words.

/s/ Austin Reeve Jackson